## J. W. Middleton Company

### v.

## George W. Roycroft, Administrator.

*Master and Servant—Negligence of Master—Minor Servant—Personal Injury—Unguarded Elevator Shaft—Rules and Regulations—Signals—Evidence—Order "to hurry."*

In an action by an administrator to recover for the death of his intestate, the same being alleged to have been occasioned through the negligence of his employers, this court declines, in view of the evidence, to interfere with the verdict in behalf of the plaintiff.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. FREDERICK A. SMITH, for appellant.

Mr. JOSEPH S. KENNARD, JR., for appellee.

GARY, J.   The appellee is the father and administrator of Joseph J. Roycroft, who was a boy under sixteen years of age, employed by the appellants in their stationery, printing and binding establishment, and was killed while so employed February 17, 1887, by falling about sixty feet down an elevator shaft in the premises of the appellants.   The deceased had been at work for the appellants ten days.

From the evidence in the case, it was admissible for the jury to find that the appellants had no person in charge of the elevator; the shaft was dark; the doors to the shaft opened by swinging on hinges from it, and could be opened from the outside by lifting a common latch; the deceased was sent by a superior servant of appellants up to the third floor with a form of type, and told to hurry right down to go on another errand; he was assisted by that servant in getting the form upon the elevator; when he reached the third floor, he left the elevator, shut the door, carried the form about sixteen to eighteen feet, left it, and at once returned to the elevator, opened the door and stepped off into the pit and was killed; that in that short absence another servant of the appellants, contrary to the regulations as to signals in relation to using the elevator, had, without warning, taken it upon another floor, so that when the deceased came back to the shaft, and stepped off in the darkness, the platform upon which he had stood but a few seconds before, was gone, and the signals

which ought to have preceded its departure had not been given. There was testimony that the attention of appellants had been, before the accident, called to the darkness of the shaft and the want of guards to it, by the city inspector of elevators. As to none of these circumstances except the degree of light in the shaft, and the neglect to signal before moving the elevator, was there any conflict of evidence, and as to the latter, if the time the deceased was absent from the elevator was stated truly, the regulation signal could not have been given. And if the jury from the evidence did believe that the facts were as recited, it was inevitable that they should find for the appellee, because of the extremely dangerous character of this elevator and its surroundings. The negligence of the appellants was deliberate; that of the deceased, the result of the inexperience of youth, acting under the command requiring on his part haste, and without notice that the peril which he had no reason to anticipate, had, in the few seconds he was absent, come in his way.

In such a case a jury, to whom belong all questions of care and negligence, absolute, relative or comparative, will not be affected by testimony that he had been instructed how to use the elevator, or that his father had previous knowledge that he was using it, or that there were rules of the establishment habitually disregarded by everybody, that the elevator should not be used by persons going down without burdens. On the part of the appellee no instructions were given; some modifications of those presented by the appellants were excepted to, and were assigned as error, but the argument by appellants is upon the facts, and there was nothing harmful to the appellants in any of the modifications, so that it is unnecessary to review them.

The principles which govern this case have been often recognized in this State, and in the text books. Ill. Cent. v. Welch, 52 Ill. 183; C. & N. W. v. Jackson, 55 Ill. 492; C., B. & Q. v. Gregory, 58 Ill. 272; Shear. & Red. on Neg., Sec. 213. The judgment will be affirmed.

*Judgment affirmed.*